UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTOPHER BOULTINGHOUSE, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 10-1293 (ABJ) |
|  | ) | |
| HARLEY G. LAPPIN, | ) | |
| Director, Federal Bureau of Prisons, | ) | |
|  | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Christopher Boultinghouse brings this *pro se* action against Harley G. Lappin in his official capacity as Director of the Federal Bureau of Prisons ("BOP"). Plaintiff alleges that the BOP's reliance on 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000)[1] to bar his eligibility for early

---

1  The pertinent parts of 28 C.F.R. § 550.58 (2000) provide as follows:

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
(a) *Additional early release criteria.*
    (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
    . . .
        (vi) Inmates whose current offense is a felony:
        . . .
            (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).

release under 18 U.S.C. § 3621(e) (2006)[2] violates the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (2006) ("APA"). Compl. ¶ 1. Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Because plaintiff's exclusive remedy in this case sounds in habeas and his claim lacks sufficient merit to warrant a transfer, the Court will grant defendant's motion to dismiss.

## BACKGROUND

In 2006, plaintiff pled guilty in federal court to two counts of possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g). Compl. ¶ 17. He was sentenced to two concurrent seventy-seven month terms of incarceration. *Id.* After serving approximately five years of his sentence, the BOP drug coordinator determined that plaintiff was eligible to participate in a drug rehabilitation program called RDAP. *Id.* at 18. At the same meeting, however, it was determined that plaintiff was not eligible for early release under 18 U.S.C. § 1362(e), *id.*, which gives the BOP discretion to reduce an inmate's sentence by up to twelve months if the inmate is a nonviolent offender and successfully completes a drug rehabilitative program. § 3621(e)(2)(B). The decision was based on 28 C.F.R. § 550.58, *see* Compl. Ex. 1, which allows the BOP to withhold consideration for early release if an inmate's offense "involved the carrying, possession, or use of a firearm." § 550.58(a)(1)(vi)(B).

Subsequently, plaintiff filed a Regional Administrative Remedy Appeal, arguing that the BOP "violated the APA and therefore erred in denying [his] request for early release upon successful completion of RDAP." Compl. Ex. 1. The reviewing regional director denied the

---

2    18 U.S.C. § 3621(e)(2)(B) provides:

Period of custody. – The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

appeal, explaining that the BOP acted within its discretion and in accordance with its policy. *Id*. Plaintiff appealed the reviewing director's decision, resulting in the instant action.

In support of his claim, plaintiff argues that the BOP relied on factors Congress did not intend to be considered, the BOP offered an explanation for using those factors that runs counter to the evidence before it, and the BOP's explanation was so implausible that it could not be ascribed to the product of agency expertise. Compl. ¶¶ 21–23. Plaintiff also asserts that defendant admitted that section 550.58 violated the APA when defendant replaced section 550.58 with a new "final rule."[3] *Id.* ¶ 24. Plaintiff seeks an injunction that sets aside section 550.58 as violating both the APA and the plain language of section 3621. *Id.* ¶ 67. He also seeks an injunction ordering defendant, or his agents, to reassess plaintiff's eligibility for early release under section 3621(e) without reference to section 550.58. *Id.*

Defendant has moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Def.'s Mem. at 1–2. Specifically, defendant argues that the Court must dismiss plaintiff's complaint because his exclusive remedy to challenge the BOP's determination lies in habeas, an action over which this Court would lack subject matter jurisdiction. *Id.* at 1. Defendant also argues that even if the Court determines that plaintiff need not bring a habeas challenge, dismissal under Rule 12(b)(6) is appropriate because "the APA does not apply to BOP decisions . . . that affect the duration or terms of a prisoner's incarceration," and the Supreme

---

3   In March 2009, the BOP replaced 28 C.F.R. § 550.58 with 28 C.F.R. § 550.55. Contrary to plaintiff's claim, the "new rule" was not an admission that section 550.58 violated the APA. It also does not provide support that applying section 550.58 to plaintiff violated the APA because section 550.55 contains the same provision prohibiting "[i]nmates who have a current felony conviction for [a]n offense that involved the carrying, possession, or use of a firearm" from being eligible for early release under section 3621(e). *Compare* 28 C.F.R. § 550.55(b)(5)(ii) (2009), *with* 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000).

3

Court has already rejected plaintiff's argument that section 550.58 violates the APA. *Id.* at 2. Finally, defendant argues that if the Court finds dismissal inappropriate, the Court should transfer this case to the Northern District of Florida, where both the plaintiff and his custodian are located. *Id.*

## STANDARD OF REVIEW

Although defendant's motion to dismiss is based on either Rule 12(b)(1) or Rule 12(b)(6), the Court, for the reasons that follow, has determined that dismissal is appropriate pursuant to Rule 12(b)(1). Consequently, the Court will not address defendant's Rule 12(b)(6) argument.

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). However, where the action is brought by a plaintiff proceeding *pro se*, "the court must take particular care to construe plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks v. Fort Myer Constr.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). Federal courts are courts

4

of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also GMC v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court with limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement, . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1993); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

### I. The Court Lacks Subject Matter Jurisdiction

Defendant moved to dismiss on the grounds that plaintiff's allegations concerning the BOP's application of 28 C.F.R. § 550.58 relate to the duration of his custody and therefore, must sound in habeas. Def.'s Mem. at 10. Since plaintiff is incarcerated in Florida, this Court would lack subject matter jurisdiction over such an action. *Id.* at 11. Plaintiff maintains that his claim does "not necessarily imply the invalidity of [his] confinement or shorten its duration," so it does not lie at the "core" of habeas. Pl.'s Opp. at 3, quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82

(2005). He argues that since success in this action would only increase the probability that his sentence will be reduced, habeas is not the exclusive remedy. Pl's Opp at 3. But in *Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000), the D.C. Circuit held: "for a federal prisoner, habeas is indeed exclusive, even when a non-habeas claim would have a merely probabilistic impact on the duration of custody." *See also Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988) (plaintiff's challenge of his parole eligibility date was an attack on the lawfulness of his custody to be brought in habeas even though the claim had only a probabilistic impact on that custody). Therefore, the Court agrees with defendant.

*Razzoli* involved a federal prisoner seeking declaratory relief against the BOP and the United States Parole Commission. 230 F.3d at 373. The Court of Appeals found that the resolution of his claims would implicate both the calculation of his good time credits and his parole eligibility date, *id.* at 376, so it found it necessary to review its holding in *Chatman-Bey* in light of subsequent Supreme Court cases. It concluded that *Chatman-Bey* was "alive and at worst only modestly ailing." *Id.* The court explained that neither *Heck v. Humphrey*, 512 U.S. 477 (1994), nor *Edwards v. Balisok*, 520 U.S. 641 (1997), was controlling because neither case specifically addressed "claims with a merely probabilistic impact on the duration of custody; thus [neither] had occasion to rule definitely on whether such claims need to be brought in habeas." 230 F.3d at 375.

The Court of Appeals also distinguished the situation presented in *Razzoli* from its previous decision in *Anyanwutaku v. Moore*, 151 F.3d 1053, 1056 (D.C. Cir. 1998), where it held that state prisoners may bring a section 1983 challenge in lieu of habeas so long as the claim did not "'necessarily imply,' or automatically result in, a speedier release from prison." 230 F.3d at 375. The court drew a distinction between federal prisoners and state prisoners: requiring federal

prisoners to bring challenges in habeas served the purpose of preventing federal prisoners from forum-shopping, a public policy consideration that was not relevant in *Anyanwutaku*. *Id.* at 376 ("In non-habeas federal prisoner actions, a plaintiff could almost always name a defendant over whom the district court for the District of Columbia would have personal jurisdiction [whereas] . . . even if *state* prisoners with probabilistic claims are relieved of the strictures of [habeas], the District of Columbia would generally not be a possible site for litigation."). Thus, *Razzoli* adhered to the principle articulated in *Chatman-Bey* in cases brought by federal prisoners. *Id.* at 373.

The Court of Appeals followed a similar approach in *Bourke v. Hawk-Sawyer*, 269 F.3d 1072 (D.C. Cir. 2001). In that case, a federal prisoner challenged the BOP's determination that he was ineligible for early release under section 3621 because his conviction placed him within one of the excluded categories listed in section 550.58. The court observed:

> As in *Razzoli* and *Chatman-Bey*, the crux of the [plaintiff's] claim is that he was illegally denied the 'chance to secure his release.' Although [the plaintiff's] success on this claim would not necessarily result in his being released any earlier, it would raise the possibility and thus have a 'probabilistic impact' upon the duration of his custody.

*Id.* at 1074 (internal citation omitted). Consequently, the court dismissed the plaintiff's claim, holding that the plaintiff must file it as a petition for writ of habeas corpus. *Id.*

Plaintiff argues that the Supreme Court's more recent decision in *Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005), has altered the landscape, and that the Court has ruled definitively that claims "with a merely probabilistic impact on the duration of custody" need not be brought in habeas. Pl.'s Opp. at 3. Thus he questions the continued vitality of the *Razzoli* decision.

In *Wilkinson*, the Supreme Court addressed whether a challenge brought by two state prisoners, who argued that state parole procedures violated the U.S. Constitution, could be

brought under 42 U.S.C. § 1983, instead of under the federal habeas corpus statutes. 544 U.S. at 76. The court surveyed its recent habeas-channeling jurisprudence, including the two cases considered in *Razzoli*. *See id.* at 79–81. It concluded that the state prisoners' challenges, "which at most [would] speed *consideration* of a new parole application," did not "lie[] at the 'core of habeas corpus'" because "neither . . . would necessarily spell speedier release [from prison]." *Id.* at 82. Thus, the plaintiffs were not required to bring their claims in habeas.

In the Court's view, *Wilkinson* does not affect the continued validity of *Razzoli*. The Court of Appeals incorporated *Wilkinson*'s approach in its jurisprudence when it recognized an exception to the probabilistic impact test for state prisoners bringing section 1983 claims in *Anyanwutaku*. 151 F.3d at 1056. What it did in *Razzoli* was confirm that it intended to utilize a different approach for federal prisoners. 230 F.3d at 373.

Indeed, the Court of Appeals has already considered and rejected plaintiff's argument. In its unpublished per curiam opinion in *Davis v. Federal Bureau of Prisons*, 334 Fed. Appx. 332 (D.C. Cir. 2009), *reh'g en banc denied*, the court explicitly stated that *Wilkinson* does not prevent application of *Razzoli*'s "probabilistic impact test" in cases involving federal prisoners. 334 Fed. Appx. 333. In *Davis*, much like here, the plaintiff brought a claim under the APA, arguing that the BOP's decision not to place him in a drug treatment program was arbitrary and capricious. 517 F. Supp. 2d 460, 461 (D.D.C. 2007).[4] The D.C. Circuit upheld the dismissal of the complaint, holding that it sounded in habeas because the "claim, if successful, would increase his chances of obtaining a sentence reduction and therefore meets *Razzoli*'s 'habeas-channeling' standard." 344 Fed. Appx. at 333. The court explained that *Wilkinson* does not preclude the application of *Razzoli*:

---

4   The accompanying citation was made to the district court case, instead of the circuit court case, because the circuit court did not provide a discussion of the facts in *Davis*.

> [B]ecause the Supreme Court has not expressly addressed whether [the *Wilkinson*] rule also applies to federal prisoners, and because its holding in *Wilkinson* rests on a reading of prior Supreme Court cases that we had already adopted by the time we decided *Razzoli*, the Supreme Court has not undermined *Razzoli*'s binding distinction between federal and state.

*Id.* (internal citation omitted).

Consequently, *Davis* supports this Court's conclusion that the D.C. Circuit will continue to apply *Razzoli* until the Supreme Court expressly overrules the probabilistic impact test for federal prisoners, and that plaintiff's claim must be brought in habeas. As a result, the Court will now consider whether plaintiff's cause of action should be dismissed for lack of subject matter jurisdiction or transferred to the proper jurisdiction.

## II. Plaintiff's Complaint Lacks Sufficient Merit to Warrant a Transfer

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Consequently, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety[,]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), or, if the court finds "it is in the interest of justice, transfer such an action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed," 28 U.S.C. § 1631. A federal court only has the "authority to make a single decision[:] . . . to dismiss the case, *or* 'in the interest of justice,' to transfer it to [another] court." *Tootle v. Secretary of Navy*, 446 F.3d 167, 173 (D.C. Cir. 2006), quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (emphasis added); *see also Davis*, 334 Fed. Appx. at 333 (remanding to the district court "either to dismiss the case without prejudice or to transfer it to the district court for the district in which the appellant and his custodian are located"); *Bourke v. Hawk-Sawyer*, 269 F.3d at 1074 (same). Here, the Court finds that dismissal is appropriate.

9

In deciding whether to dismiss or transfer a cause of action, courts generally adhere to the principle that the district court may conduct a limited review of the merits of a case. *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999); *see also Daniels v. DOI*, No. 94-5131, 1995 WL 364505 (D.C. Cir. 1995); *Gomez v. U.S. Dept. of Army*, 573 F. Supp. 2d 188, 190 n.3. And transfer is not "in the interest of justice" where that review reveals that success on the merits appears unlikely. *Daniels*, 1995 WL 364505 (affirming the lower court's decision not to transfer the case because the "plaintiff is barred by his settlement agreement from claiming that he was injured in the line of duty[,] . . . [making a] transfer to the Court of Claims . . . wasteful and not 'in the interest of justice'"); *Gomez*, 573 F. Supp. 2d at 190 n.3 (finding a transfer inappropriate because "[e]ven if the plaintiff had overcome [the] jurisdictional barrier, it is difficult to imagine that her claim could have been successful").

Here, plaintiff asks the Court to declare that the BOP abused its discretion in promulgating section 550.58 because excluding some nonviolent offenders from eligibility for early release under section 3621(e) would contravene congressional intent behind the statute. Compl. ¶¶ 21, 67. He also asks the Court to order defendant to reevaluate his eligibility for early release under section 3621(e) without reference to section 550.58. *Id.* ¶ 67. Thus, plaintiff's cause of action asserts that section 550.58 is invalid under the APA because the BOP exceeded its authority to interpret 28 U.S.C. § 3621 when it created additional categories of prisoners ineligible for early release. In plaintiff's view, section 3621(e) requires the BOP to grant *all* prisoners convicted of nonviolent crimes early release if they complete a substance abuse program. But plaintiff's theory has already been rejected by the Supreme Court.

In 2001, the Supreme Court held that the BOP's promulgation of section 550.58 was within its power. *Lopez v. Davis*, 531 U.S. 230, 242 (2001). The Court explained that where

"Congress has not identified any further circumstance in which the Bureau either must grant [a sentence] reduction, or is forbidden to do so," the Court must only determine whether the "agency empowered to administer the early release program has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" *Id.*, quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995). Applying that analysis to section 550.58, the Court concluded that section 3621(e) contained statutory gaps that permitted the BOP to categorically exclude prisoners from eligibility for early release and that BOP's proffered "public safety rationale" met the requirements to be considered "reasonable in light of the legislature's revealed designed." *Lopez*, 531 U.S. at 240, 244.

Thus, plaintiff's argument that section 550.58, in general, is an unlawful exercise of the BOP's power must be rejected, and plaintiff's claim that the application of section 550.58 to him exceeded the BOP's authority must also fail under *Lopez*. As in *Lopez v. Davis*, 531 U.S. 230, 242 (2001), plaintiff's ineligibility for early release in this case was based on the BOP's determination that he poses a public safety risk as a result of his conviction for possessing a firearm after a felony conviction. *See* Compl. Ex. 2. The Supreme Court has deemed the public safety rationale to be "reasonable in light of the legislature's revealed design," *Lopez*, 531 U.S. at 242 (internal citations omitted), so the BOP's decision to categorically exclude plaintiff from early release under section 3621(e) is in accord with its discretion under section 3621(e) as well as the requirements of the APA.[5]

---

5   Plaintiff also argues that the BOP's public safety rationale is merely a "post hoc rationalization" for its promulgation of section 550.58, and that it therefore violates 5 U.S.C. § 553(c), which requires an agency to state the purpose and basis of a regulation on the administrative record. Compl. ¶¶ 37–38, 54–55. This argument, based on the Ninth Circuit's 2008 decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), does not alter the analysis. In *Arrington*, the court held that despite the holding in *Lopez*, the regulation could still be invalidated on procedural grounds because the *Lopez* decision did not specifically address

Consequently, the Court will dismiss plaintiff's complaint because, in light of the Supreme Court's holding in *Lopez*, it is unlikely that a transferred claim would be successful.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be granted. A separate order will issue.

*/s/ Amy B. Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: October 7, 2011

---

whether section 550.58 met the requirements of section 553(c). 516 F.3d at 1114–1116. But almost every other court that has faced the issue has rejected this conclusion. Instead, courts read *Lopez* as recognizing that the public safety rationale meets the requirements of section 553(c). *See Baldwin v. Federal Bureau of Prisons*, No. 10-0530, 2010 WL 3522078, at *5–6 (D.N.J. Sept. 1, 2010) (collecting cases). Those cases conclude that the Supreme Court would not have used the public safety rationale to uphold section 550.58 in *Lopez* if it did not consider that rationale to be the BOP's purpose and basis behind the regulation.